## ROSALIE B. ADDICKS vs. JOHN EDWARD ADDICKS.

New Castle County, November Term, 1894.

**Divorce.  Sufficiency of Libel.**—The court has power to pass upon the sufficiency of a libel for divorce, both as to its form and as to its particularity.

**Same.**—Where the co-respondent and the places are set forth with particularity it is a sufficient specification of the time of the act, if the year be named.

**Same.  Time for Objections to Libel.**—The time to object to the want of sufficiency for either of the above causes is before the case is committed to the Commissioner and before answer filed.

**Same.  Practice.**—The particular mode in which this shall be done where the libel is insufficient in the judgment of the court, (whether by a bill of particulars or whether the party be required to particularize by way of amendment) is more a matter of form than otherwise.

**Divorce.  Alimony.**—The recognized limitation of the Superior Court in allowance for alimony in divorce cases is one hundred dollars per month.

**Same.**—Fifteen hundred dollars under the practice in this State is the extent to which the Court will go in an allowance for a sum necessary for a wife to defray the expenses of her suit, but this does not prevent an application for an enlargement of said sum if the necessities of the case should become manifest.

The libellant in this case filed her libel, alleging therein as a ground for divorce that the respondent had been guilty of adultery with (the co-respondent), " which adulterous practices have extended and continued from the year 1887 until the present time, the said adulterous practices having been engaged in at Brandywine Hundred New Castle County and State of Delaware; at No. 247 South Seventeenth Street, in the City of Philadelphia and State of Pennsylvania; at the Mount Kineo House, in the State of Maine; at the Tudor House, in the City of Boston and State of Massachuetts, and at divers other places to your petitioner at present unknown.

"Your petitioner intending to rely upon all of the acts of adultery before mentioned, specifies the following places and times as far as she is able, as particular occasions of the happenings of such adulterous intercourse between the said John Edward Addicks and" (the co-respondent). "At various times in the years 1887, 1888 and 1889, at the residence of (the co-respondent), near Claymont, in the said County of New Castle. In the years 1890 and 1891 at the house of" (the co-respondent) No. 1247 South Seventeenth Street, in the said City of Philadelphia. In the years 1890 and 1891 at the Mount Kineo House, in the State of Maine and in the year 1891 at the Tudor House, in the City of Boston and State of Massachusetts."

The respondent filed his affidavit denying the allegations of the libel and thereupon asked that a rule issue to the libellant to show cause why she should not file a bill of particulars more specifically setting forth the acts and facts and times and places upon which she relies, so as to enable the defendant to make defense thereto.

The cause came on for hearing upon the rule for greater specifications and the application for allowances.

At the same time with the argument upon this rule there was also heard an application by the libellant for alimony *pendente lite* and an allowance for the expenses of the suit.

The rule for a bill of particulars was returnable January 7, 1895, on which date argument was heard on both the applications above stated.

*Lodge*, for the respondent, contended that the right to a bill of particulars was founded in the common law. The respondent by filing an affidavit of merits and moving for a bill of particulars has presented the question in due form; Mitchell, Motions & Rules 40, n. 2; 1 Tidd, Pr. 484 a, 497.

The court has power at common law to order such a bill of particulars; 2 Bish. Marriage, Divorce and Separation 670; Brown Divorce 379, 381; 2 Am. & Eng. Encyc. L. 245; 5 *id.* 765,

777, 783; 1 Phill. Ev. C. & H. notes, n. 804, n. 217; *Tilton vs. Beecher*, 59 N. Y. 176; *Comm vs. Snelling*, 15 Pick. 321; *Adams vs. Adams*, 16 *id.* 254; *Huston vs. Huston*, 63 Me. 184; *Hancock's Appeal*, 64 Pa. 470; *Realf vs. Realf*, 77 *id.* 31; *Sanders vs. Sanders*, 25 Vt. 713; *Gardiner vs. Gardiner*, 2 Gray 434.

The libel, on its face, is not sufficiently particular to put the respondent to answer it; 2 Bish. Mar. Div. & Sep. § 1431; Brown, Divorce 378, 379; *Jones vs. Jones*, 1 C. E. Green 351; *Miller vs Miller*, 5 *id.* 216; *Black vs. Black*, 12 *id.* 664.

The statute requires that substantial allegations shall be set forth plainly and fully, and it is not met by such general terms as are made in the absence of more definite specification; the respondent has no notice of what he is required to meet. If the libellant has no knowledge of facts more definite than are implied by the statement, then the general statements are not warranted, and if she has more definite knowledge she is bound to state it particularly; *Freeman vs. Freeman*, 39 Minn. 370.

*W. S. Hilles* and *Henry S. Cattell*, (of the Philadelphia Bar), for the libellant in answer to the rule.

There is no such thing as a common law jurisdiction in divorce. Under the act of February 3, 1832, the Superior Court had sole cognizance of granting divorce, the proceeding being by petition which should "state the true cause of complaint."

While this act followed the English procedure in certain respects, it adopted a totally different method of trial by ordinary methods upon an issue joined by the pleadings. This continued with but slight change until the act of 1873. The remedy and the course of procedure is purely statutory, and the powers given to the court are defined and limited to those expressed in the statute, and they cannot be enlarged by implication; Suth. Stat. Constr. § 392.

This, so far as we know or have been able to ascertain, is the only statute of any State providing for such a course of procedure, and therefore the decisions in England and in the other States

can be of little importance in helping us to reach a proper construction of this statute.

We deny that the court has power under this statute and the practice as prevailing in this State to require a bill of particulars from a plaintiff who has complied with all the requirements of the statute. The only cases in which the courts in divorce matters require the plaintiff to file more specific allegations than those contained in the libel will be found in States where on all disputed points there is an issue tried by a jury at the Bar of the court. Here where surprise and lack of time to meet testimony produced is unknown and impossible no such practice has ever prevailed.

Even if the court should consider that it has the power to grant this rule in a proper case there is no case cited requiring more particularity as to place than that given in the libel in question. The person is also fixed beyond a question in each case, and in each instance the year is given. In this State it is not necessary in any declaration or other pleading to set forth the place in which an act is alleged to have been done, unless from the nature of the case the place may be material or traversable; Rev. Code ch. 106, § 12. There is no difference between a libel for divorce and other pleading in which time is never material unless found descriptive of the identity of the subject of the action; 1 Greenl. Ev. § 61. And the only purpose in requiring time to be stated at all is that the defendant should have notice of the facts concerning which evidence is to be offered, and as under our procedure surprise is a practical impossibility, such notice is not required.

In *Harrington vs. Harrington*, 107 Mass. 329, where the matter was to be submitted to a jury and more particularity would be required for the reasons given, this question was directly before the court, the libel was indefinite and uncertain, a bill of particulars was filed alleging the acts of adultery as committed " in the years 1867, 1868 and 1869." Upon an order for a further bill of particulars such was refused. In *Cardwell vs. Cardwell*, 12 Hun 92, a similar ruling was made. The same views are amply sustained by authority; *Germond vs. Germond*, 6 Johns. Ch. 347; *Mitchell*

*vs. Mitchell*, 61 N. Y. 398, where all of the preceding cases in New York are reviewed with great ability; 2 Bish. Mar. & Div. §§ 1325, 1336–38, 1341, 1342; Shelford, Mar. & Div. 406; Brown, Div. 25.

Again the language of the libel is, in the first place, as it will be noticed, a general charge of adulterous practices with a certain person named, extending and continuing from the year 1887 until the present time, said practices having been engaged in in certain places therein specified. Though this allegation would have been sufficient under the practice of this State and under general course of decisions in other States, the petitioner further specifies " *as far as she is able* " the times and places and particular occasions of the adulterous practices alleged. It has been universally held that no more certainty of allegation is required than can be given. The act of adultery and not the person with whom, the place where or the time when such act was committed in the material allegation to be proved. If the petitioner know the name of the person with whom the act of adultery is alleged to have been committed it is her duty to specify, but if this cannot be done that is a sufficient excuse for its omission, and the allegation can be made with a person unknown to the petitioner; 2 Bishop, Mar. & Div. §§ 1325, 1333, 1334 and cases cited.

The time and place are certainly not as important as the name of the person, and it has likewise been universally held to be sufficient to allege that no further particularity of time or place or both can be given than is given; *Cardwell vs. Cardwell*, 12 Hun 92: *Noel vs. Noel*, 9 C. E. Green 137; *Mitchell vs. Mitchell*, 61 N. Y. 398; Bish. Mar. & Div., §§ 1325 and 1342.

The defendant has precluded himself from asking for further particulars by reason of his having answered the libel denying in full all of the allegations of the libel and raising the plain question as to the existence of the facts asserted on one side and denied on the other. He had information enough from the libel to frame his answer, and has answered and having answered by all rules of pleading in equity or at law, cannot by the same document except or

demur.  2 Bishop, Mar. & Div. & Sep. § 1339; *Conant vs. Conant*, 10 Cal. 249; 1 Dan. Ch. Pr. 589, 590; Brown, Divorce 25, 379; *Black vs. Black*, 11 C. E. Green 431.

*Ward,* for the respondent, in reply.

The present application is made at the proper time.  After answer the rule as to bill of particulars is wholly changed.  Before answer it may be allowed.  In this libel there is an entire want of specific statement as to acts complained of prior to 1891 and since that time there is no allegation of place even.

LORE, C. J., delivered the opinion of the Court.

We have considered the two points presented and argued in this case, and are now prepared to announce conclusions of the Court.

First. With respect to the bill of particulars; we have no doubt at all that this Court has the power to pass upon the sufficiency of the libel, both as to its form and as to its particularity. And we think that the time to object to that want of sufficiency for either of these causes is before the case is committed to the Commissioner and before answer filed.  For if, either with or without answer, it goes to the Commissioner, the defendant in the case would be considered as having waived all objection to the libel.  It would go with his consent.

As to the particular mode in which this should be done where the libel is insufficient in the judgment of the Court—whether by a bill of particulars or whether the party be required to particularize by way of amendment—is more a matter of form than otherwise.  We think that these proceedings were taken at the right time, and properly taken, whether the demand is for a bill of particulars, or a particularization or specification of the charges more in detail.

We do not think, however, that this is a case where the defendant can call for greater particularity.  Examination shows that the first charge is a charge of continuous adultery within certain dates.

Opinion.

It does not occur to us that it would meet the purposes of particularization any better if it were to say "Beginning on the first of January 1887, and continuing through that month, through February, March, April, May, and running all through the years following;" because the statement that there were continuous acts of adultery from 1887 to the time of the filing of this petition necessarily includes that. The averment covers the whole ground, it seems to us, and is therefore sufficiently detailed and specific.

The same rule will apply to the second allegation.

It will be noted that the co-respondent and the places are set forth with particularity; the time only is in any respect vague. We listened with a great deal of attention to the cases cited by the learned counsel for the defendant; and none of them called for greater particularity where the person and the place were named, than that the years shall be named. The month applied to those cases where the name of the co-respondent was not specified.

We think that the particularization and specification in this libel are sufficient, for another reason: Many of the cases cited were cases where there was a trial upon an issue framed before a jury, where the trial must be had within the compass of probably a day or so, or within the ordinary limits of a jury trial. In such cases the issue framed required exact particularity, so that the defendant might be advised beforehand and know what he had to meet in that short time. Our method is different. The case is sent to a Commissioner. The testimony is taken in writing. All the testimony for the libellant is heard; and ordinarily, after it is heard an opportunity is given for the defendant to prepare to meet the charges; limited, as a matter of course, to whatever may be within the scope of the allegations of the libel. So that no surprise can come to the defendant. He hears the whole case, and has time to prepare for the charges made after the testimony is all heard on the part of libellant.

We think, therefore, for the reasons stated, that the libel is sufficient, both in form and particularity; and therefore discharge the rule.

We have also considered the application for alimony and a sum necessary to defray the expenses in conducting this case.

The Court cannot consult their own feelings and sympathies in such cases, but must do exact justice under the law, and be governed by precedents, where precedents have been established. In the matter of alimony, we think our discretion is somewhat curtailed by the indication of the act of the Legislature controlling what we think is the condition of the parties in this suit. The petitioner asks for alimony for her sustenance pending her suit. The Legislature a few years ago passed an act providing that where the husband and father deserts his wife and children he is bound to provide for their sustenance or maintenance. And the Legislature has said that the Court may compel him to pay a sum of money for the maintenance of the wife, or children, or the wife and children, not exceeding in amount any one month the sum of one hundred (100) dollars. In the McComb divorce case, although the matter was not formally brought before the Court, that amount was formally recognized as the limitation in this Court in divorce cases; and we do not think it would be wise to depart from it.

The order in this case, therefore, is, that the defendant pay to his wife, pending the suit, the sum of one hundred (100) dollars per month, payable monthly from this date, the first payment to be made one month from this date.

When we came to the matter of expenses necessary in conducting the petitioner's case, we were somewhat more embarrassed than on the other matter, because there the Legislature seemed to have outlined our duty.

We recognize, from the libel filed, that this case will involve a wide scope of testimony; bringing witnesses from a distance, and will doubtless involve a great deal of labor and expense. And yet, here we have been embarrassed; we know of no case, and upon consultation no case can be found, under the practice of this State where large amounts have been granted in the first instance. But subsequent applications have been recognized for enlargement, if in the actual conduct of the case larger sums became necessary.

We have thought, therefore, considering all the facts, that fifteen hundred (1,500) ought to be paid by this defendant for defraying the expenses. There is no such thing as counsel fees specified under our statute; all outlays come under such sum designated as necessary in defraying expenses of suit. We think fifteen hundred (1,500) dollars, under the practice of this State, is as far as we can go. This, however, does not prevent an application for an enlargement of this sum, if the necessities of the case should become manifest.

We, therefore, fix the sum of fifteen hundred (1,500) dollars and order the same to be paid within one month from date, to defray the expenses of the petitioner in conducting this suit.